JAMES W. BRENNAN ET AL. *vs.* JOHN H. CASSIDY, EXECUTOR.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The rule—for a time otherwise—is now settled in this State that the presumption of sanity, which exists with respect to everybody, has no probative force or effect in establishing testamentary capacity; and therefore a charge which expressly directs the jury to give the presumption such probative effect in passing upon the preponderance of proof upon the whole testimony, is erroneous and harmful.

After the contestants of a will have offered evidence of a want of testamentary capacity, the proponents have the full burden of proof, unaided by the presumption of sanity.

Slight or trivial inaccuracies in a charge do not constitute reversible error when the charge as a whole is otherwise correct and adequate, and when it contains a correct and comprehensive rule on the topic in question without contradiction in any particular; but where there exists a sharp and absolute contradiction upon a fundamental and vital point, the judgment must be reversed.

Argued June 12th—decided July 27th, 1923.

APPEAL by the plaintiffs from an order and decree of the Court of Probate for the district of Waterbury approving and admitting to probate a certain written instrument as and for the last will and testament of

Susan Dowling Brennan of Waterbury, deceased, taken to the Superior Court in New Haven County and tried to the jury before *Brown, J.;* verdict and judgment for the defendant, upholding the will and confirming the decree of the Court of Probate, from which the plaintiffs appealed. *Error and new trial ordered.*

*Lawrence L. Lewis,* for the appellants (plaintiffs).

*Joseph A. Bergin,* for the appellee (defendant).

KEELER, J. The only error assigned in this appeal is that the trial court erred in charging the jury as follows: "To sustain the will and codicil you should be satisfied by a preponderance of proof upon the whole testimony, taken in connection with the presumption of sanity which exists in favor of every person and which is of probative effect in favor of the will and codicil, that the testatrix, at the time of their execution, possessed testamentary capacity."

The question first arose upon a motion to set aside the verdict because of this instruction, admittedly erroneous. The trial judge declined to do this, although he states in his memorandum denying the motion, which is made part of the finding on appeal, that in view of the opinion in the case of *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 290, 58 Atl. 963, "I am convinced that the words 'which is of probative effect' should have been omitted from the charge as given and that this statement was erroneous." The judge held, however, that the use in this single instance of the words just quoted, taken in connection with the rest of the charge, the evidence in the case, and the other circumstances of the trial, did not constitute such error as would require or justify setting aside the verdict. He then goes on to refer to these

five words as once used in the earlier part of the charge and not repeated. At the outset we may observe that the trial judge in thus referring to the five words "which is of probative effect," minimizes the difficulty of the situation, and understates the error, which goes considerably beyond the use of the words quoted. He informed the jury that to sustain the will and codicil it should be "satisfied by a preponderance of proof," and then went on to say that proof was made up of the "whole testimony taken in connection with the presumption of sanity which exists in favor of every person," thus in effect defining proof as made up of two elements, a presumption and testimony. This was precisely the doctrine of *Barber's Appeal,* 63 Conn. 393, 27 Atl. 973, and the doctrine overruled in *Vincent* v. *Mutual Reserve Fund Life Asso., supra.* This latter case held that a presumption was not proof, but took the place of proof to the extent of satisfying the preliminary burden of a plaintiff and relieving him from proof of the fact covered by the presumption, and that afterward the plaintiff (or, in case of a will, the proponent), if the act to which the presumption related was evidentially contested, had the full burden of proof upon the testimony unaided by the presumption, and the effect of the latter was ended by its function in producing a prima facie case. There was no need to mention the presumption of sanity in the charge, even upon a request for an instruction thereon. A charge upon this point sometimes tends to mislead the jury. *Wheeler* v. *Rockett,* 91 Conn. 388, 392, 100 Atl. 13. If given, the limited function of the presumption should have been explained in terms of existing law.

It is insisted, however, by the appellee, and this view is also taken by the trial judge in his memorandum, that the error is harmless, in that when the erroneous

matter is taken in connection with the whole charge, the latter consisting of numerous correct instructions as to the necessity of the proponent of the will satisfying the jury upon the question of the mental capacity of the testatrix from a consideration of the evidence and by a preponderance of evidence, the jury could not have been misled.  Reliance is placed upon the familiar rule that a charge is to be read as a whole, in determining whether the jury has been misled, and that detached clauses are not to be considered by themselves but in connection with the whole; that a verdict should not be disturbed for a slight inaccuracy in a single expression when the charge as a whole is otherwise correct and adequate. . Numerous. cases are cited, both upon the brief of the appellee and in the judge's memorandum, to support these propositions, which are familiar and need not be specially referred to. The practical reason underlying cases in which the rule above indicated has been applied, is that a judge cannot say everything at once, and if his charge considered as a whole is harmonious and conveys an impression generally correct, then if there be some small part thereof, which standing by itself is open to criticism as not being entirely correct, the erroneous statement may be helped out by the generally adequate effect of the entirety of the charge, and held to be harmless.  That is to say, that the erroneous element in the instruction is so diluted by the admixture of correct doctrine, that as a whole it is legally innocuous. This is undoubtedly the case where there emerges from the charge a correct and comprehensive rule on any given topic considered without contradiction in any particular.

It is difficult to bring the instant case within the purview of this rule.  The instruction challenged is contained in the first third of the charge, in the portion deal-

ing with the general principles of law applicable to a case of this sort, and the trial judge at this point is engaged in defining to the jury the important subject of burden of proof; in the beginning of the paragraph devoted to this topic he speaks of "preponderance of proof, the weightier or better proof," and later in the same paragraph proof is erroneously defined as we have before stated, as the testimony plus a presumption. It does not seem that this statement can in any way be harmonized with certain other later correct observations upon the necessity of establishing testamentary capacity by evidence, and even in these subsequent observations, the word "proof" occurs, and is of course used in consonance with the formal definition in the earlier part of the charge. This does not produce a charge harmonious as a whole. In it there exists contradiction, sharp and absolute, upon a fundamental and vital point.

Nor can it be said that the incorrect statement did not influence the jury; its members were presumably men of intelligence, and the statement was made with intent to influence them, made in regard to the important subject of the burden resting upon the proponent, and stating incorrectly the means whereby that burden might be met.

The charge, as the trial court states, was taken in substance from the widely known charge of JUDGE PRENTICE in *Kimberly's Appeal*, 68 Conn. 428, 36 Atl. 847, regarded as a model statement covering the question of testamentary capacity, and much resorted to as material for a correct exposition of that subject when modified by the excision of the objectionable matter derived in the first instance from the overruled case of *Barber's Appeal, supra.* We have not the evidence in the instant case before us, and cannot pass upon the correctness of the charge as applied

in detail, but an examination of the general part applicable to any case turning on testamentary capacity, does not reveal any error other than the one under consideration.

So we come to this test, which seems decisive. Here is a charge correct in all particulars except one, therefore substantially this charge can be given to the jury in all similar cases, and the error held harmless. That is, we can go back to the overruled doctrine of *Barber's Appeal*, and hold the exposition of that doctrine in a charge otherwise correct to be harmless. A similar charge was given in *Vincent* v. *Mutual Reserve Fund Life Asso.*, *supra*, and held to exhibit reversible error, although the charge in that case allowed the presumption under consideration to have weight as proof only in case the testimony was evenly balanced. It would appear that the instant case cannot receive any different treatment.

There is error and a new trial is ordered.

In this opinion the other judges concurred.