WILLIAM H. CAMPBELL AND R. CURTIS ROBINSON, RELATORS, v. CITY OF OCEAN CITY AND J. REEVES HILDRETH, CLERK, RESPONDENTS.

Argued October 5, 1927—Decided May 2, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relators, *Cole & Cole.*

For the respondents, *F. Stanley Kreps* and *Emerson L. Richards.*

PER CURIAM.

This case was presented to this court on a rule to show cause why a writ of *mandamus* should not be allowed requiring the clerk of Ocean City to return the relators, William H. Campbbell and R. Curtis Robinson, as duly elected commissioners of the city of Ocean City, elected at a commission government election held on May 10th, 1927.

The city of Ocean City in October, 1911, adopted the provisions of the Commission Government act (chapter 221 of the laws of 1911). Three commissioners were elected in 1911. They met and organized on October 17th, 1911. Three departments were created as provided in said act. At regular intervals of four years each elections for commissioners were held. Three commissioners were always elected. In May, 1927, an election was held. Joseph G. Champion received one thousand four hundred and forty-two votes, R. W. Edwards one thousand three hundred and fifty-seven votes, John E. Trout one thousand two hundred and ninety-one votes, William H. Campbell one thousand two hundred and eighty-one votes and R. Curtis Robinson eight hundred and seventy-eight votes. The first three named were declared elected commissioners, qualified and have duly conducted the municipal affairs of Ocean City.

William H. Campbell and R. Curtis Robinson now claim that five commissioners instead of three should have been elected by reason of the enactment of chapter 145 of the laws of 1924, which is entitled "An act respecting cities of the fourth class," and provides for the nomination and election of commissioners elected therein. This act was designed to

further the re-election of a commissioner of Atlantic City had occupied for sometime the position of mayor. The act of 1924 provides for the election of a director of public affairs (the mayor) and four other commissioners. The contention of the relators is that under this act, which is a general act applicable to cities of the fourth class, Ocean City should have elected in May, 1927, five commissioners. A writ of *mandamus* is sought to place in office the relators as duly elected commissioners.

This case was not decided at the opening of the January term, 1928, of the Supreme Court for the reason that the relators in the present case had instituted *quo warranto* proceedings against the three commissioners holding office. The last mentioned case was number 313 of the January term, 1928. It was referred to the same part of the Supreme Court as had under consideration the instant case. The consideration of the questions raised in both these cases has become unnecessary in our opinion by an act of the legislature passed at its present (1928) session, which has been approved by the governor, and took effect immediately. Of the passage of this act and its provisions we take judicial notice. The act provides as follows:

"All elections heretofore held in any city of the fourth class having a population of not more than ten thousand inhabitants, which said elections were held pursuant to the provisions of an act entitled 'An act relating to, regulating and providing for the government of cities, towns, townships, boroughs, villages and municipalities governed by boards of commissioners and improvement commissions in this state,' which said act was approved April 25th, 1911, the title of which was amended to read as above set forth by an act approved April 2d, 1912, are hereby validated, ratified and affirmed."

The purpose of its enactment is clear from its perusal. It was designed to cure the defect, if any, of the election of commissioners in Ocean City in May, 1927. It would be a work of supererogation to consider in view of the enactment of this statute the contentions of the relators.

The rule to show cause is discharged.