MARY M. COLE *vs.* ALEXANDER K. WILSON.

Knox.　Opinion Sept. 21, 1928.

*Charles T. Smalley*, for plaintiff.
*Allan L. Bird*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, BARNES, PATTAN-GALL, JJ.

PATTANGALL, J.   On motion.  Damages for personal injury sustained by pedestrian overtaken and struck by automobile.  Verdict for plaintiff in the sum of $4,049.00.

Plaintiff, accompanied by four grandchildren, was walking toward her home about 10.00 p.m. on a dark, foggy July night.  For a portion of the way they walked on the sidewalk which they finally deserted on account of its condition, and were walking in the highway at the time of the injury.  Three of the grandchildren preceded the plaintiff, one followed her, all walking in single file.

The highway was of concrete, twenty feet in width, with shoulders of gravel about three feet wide, along the edge of which was a narrow strip of grass and beyond the grass a deep ditch.

, The sidewalk was built of crushed limestone and is described as being muddy, wet and soft in places, and in part composed of fine chips and rocks, uncomfortable to walk upon and not generally used at the time of the injury, although it had been, to some extent, repaired during the previous month.

The testimony was conflicting as to just where, on the highway, plaintiff and the children were walking, but it was in evidence that they proceeded along the gravelled shoulder on the right hand side of the road, and plaintiff testified that just previous to being struck by defendant's car, she had stepped back on to the grass to the very edge of the road.

Defendant was driving toward his home when he overtook plaintiff. There was considerable traffic on the highway at the time, cars moving in both directions and the roadway was used by pedestrians. Defendant was proceeding at a moderate rate of speed, his lights and brakes in good order.

Shortly before the occurrence which is the subject of complaint, he had passed a car going in like direction and in doing so had temporarily driven to the left side of the way but immediately resumed his proper place on the extreme right. The lights from the car which he had passed shone through the rear window of his car and, combined with the lights of two approaching cars, blinded him. Also the fog had dampened his windshield and thereby somewhat obscured his vision.

He summarized the situation in these words: "Lights coming in the rear and front blinded me so that I couldn't see very well and the windshield was covered with water and I began to slow my car up all I could and reached for my windshield wiper so I could see better, and as I did so I struck some object. I didn't know what it was. I heard someone scream. I applied my brakes and stopped my car in about twenty feet. If it had not been for the lights, I could see fairly well to follow the other cars along through that space."

It would appear then that had it not been for the glare of the lights in front and rear, defendant would probably have seen plaintiff, in spite of the darkness and fog, in time to have avoided the accident, either by stopping his car or by swerving slightly to the left.

Under these circumstances, the jury was justified in finding him guilty of negligence in not stopping his car. Not on account of the fog. "The driver of an automobile encountering a heavy fog while on his way home may proceed at a reasonable speed and is not obliged to stop and wait for the fog to lift in order to escape a charge of negligence. He must, however, exercise a degree of care consistent with the existing conditions." *Johnson* v. *State of New York*, 104 Misc., N. Y., 403. But because of the blinding glare of the lights. "If the operator of a machine is blinded by the light from another vehicle so that he is unable to distinguish an object in front, reasonable care requires that he bring his vehicle to a

stop and a failure to do so justifies a charge of negligence." *O'Bierne* v. *Stafford* (Conn.), 87 Atl., 743; *Jacquith* v. *Worden* (Wash.), 132 Pac., 33; *Buzick* v. *Todman* (Iowa), 162 N. W., 259; *Jolman* v. *Alberts* (Mich.), 158 N. W., 170; *Hammond* v. *Morrison* (N. J.), 100 Atl., 154; *Topper* v. *Maple* (Iowa), 165 N. W., 28; *Woodhead* v. *Wilkinson* (Calif.), 185 Pac., 851.

It is possible, of course, to conceive of circumstances, such as the too close proximity of a car in the immediate rear of the confused driver, which might excuse him from making an abrupt and immediate stop. There is no evidence of such a situation here, and, should such an excuse be offered, its validity and weight would be for the jury.

The defendant, in his pleadings, set up the defense of contributory negligence. There is no occasion, in this state, to plead that defense specially, during the lifetime of the plaintiff. Due care is a matter of affirmative proof on plaintiff's part unless the case falls within the scope of Sec. 48, Chap. 87, R. S. 1916. The law is otherwise in certain jurisdictions. By Chap. 553, Mass. St. 1914, a plaintiff is presumed to have been in due care. Not so in Maine. The burden of proof, on this issue, was on plaintiff. The jury found that she sustained the burden. The question was of fact. The evidence warranted the finding. It cannot be said, as a matter of law, that a pedestrian is necessarily guilty of negligence in leaving the sidewalk to walk along the highway. This is true although the sidewalk may not be impassable. *Booth* v. *Meagher*, 224 Mass., 472; *Blackwell* v. *Renwick* (Calif.), 131 Pac., 94; *Meras* v. *McElfish* (Md.), 114 Atl., 701; *Petrie* v. *E. A. Myers Co.* (Pa.), 112 Atl., 240; *Mauchler* v. *Panama-Pacific International Exposition Co.* (Calif.), 174 Pac., 400; *Devcchio* v. *Ricketts et al* (Calif.), 226 Pac., 11.

Sidewalks are for the exclusive use of pedestrians but the remaining portion of the highway is not for the exclusive use of vehicles. In the absence of statutory or municipal regulations affecting the question, the pedestrian has equal rights in the street with the operator of an automobile. *Lane* v. *Sargent*, 217 Fed., 237; *Emery* v. *Miller*, 231 Mass., 243; *Aiken* v. *Metcalf*, 90 Vt., 196.

True, the night in question was dark, there was a thick fog, automobiles were moving in both directions under conditions which

made it difficult for careful drivers to observe and protect pedestrians. If plaintiff was to walk on the highway, it would have been much safer for her to have proceeded along the left side than the right, as she would then have had a better opportunity to observe approaching cars and would have been reasonably free from danger of injury from cars moving in the direction in which she was walking. If she saw fit to accept the obvious hazard of the highway, under these conditions, rather than suffer the discomfort of the sidewalk, due care required that she should be "most vigilant for her own safety." *Virgilio* v. *Walker et al* (Pa.), 98 Atl., 815.

There was evidence that she was vigilant. The testimony is that she walked on the gravel shoulder of the road; that as cars overtook her, revealed to her by their approaching lights, she stepped back on the grass, to the edge of the road, prevented from going further by the deep ditch and that she pursued this course of conduct as defendant's car approached. There was testimony tending to prove that she was on the concrete portion of the road when struck. But the jurors were the judges of the credibility of the witnesses and there is nothing inherently improbable in the relation of the events which was accepted by them as correct.

The damages were not excessive. The tibia and fibula of the right leg were both fractured about three inches below the knee. The fibula of the left leg was fractured. The ligaments at the left ankle joint were torn. A finger of the left hand was fractured. There were contusions and abrasions about the face and hands. She was five months in the hospital. Her physician's bill was $600.00. A certain degree of permanent disability was predicted. At the time of the trial, some nine months after receiving her injuries, she was lame and was still undergoing treatment by both doctors and nurses.

The verdict must stand.

*Motion overruled.*