Stanley Januszewski *vs.* Edward R. Sargent et al.

Third Judicial District, Bridgeport, April Term, 1931.
Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.
Argued April 14th—decided June 1st, 1931.

*Samuel Campner,* for the appellants (defendants).

*Frank W. Daley,* for the appellee (plaintiff).

Per Curiam. This action results from a collision between the automobile of the plaintiff and that owned by one and driven by the other of the defendants. The sole claim argued is that the verdict should have been set aside because the plaintiff was guilty of contributory negligence as matter of law. The argument is to a considerable extent based upon the plaintiff's own testimony as to the speed of the defendants' car, but there was other evidence as to this fact and the jury were not bound to accept that of the plaintiff as conclusive upon him. *Kanopka* v. *Kanopka,* 113 Conn. 30, 154 Atl. 144. The plaintiff approached the intersection upon the right of the defendants' car and therefore had the right of way, but this would not justify him in failing to exercise proper care commensurate with his situation. However, upon all the evidence, the question whether or not he did exercise that care was one for the jury. *Lose* v. *Fitzgerald,* 105

Conn. 247, 248, 135 Atl. 42; *Jackson* v. *Brown,* 106
Conn. 143, 146, 137 Atl. 725; *Whipple* v. *Fardig,* 112
Conn. 402, 403, 152 Atl. 397. The trial court did not
err in refusing to set the verdict aside.

There is no error.