EMANUEL E. PETERSON, ADMINISTRATOR, (ESTATE OF JOHN E. PETERSON) *vs.* JOHN F. MEEHAN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 7th, 1932—decided January 17th, 1933.

*J. Warren Upson,* for the appellants (defendants).

*Edward S. Pomeranz,* with whom was *Patrick F. McDonough,* and, on the brief, *S. Polk Waskowitz,* for the appellee (plaintiff).

HAINES, J.   The appeal is based upon claimed errors in denying the motion to set aside the verdict, in finding certain facts without evidence, and in failing to charge as requested.

The plaintiff claimed that shortly after five o'clock on the morning of New Year's Day 1932, his decedent, on his way to work in New Britain, was walking westerly on the southerly shoulder of Robbins Avenue when he was overtaken and struck by an automobile driven by the defendant Meehan, Jr., and owned by the defendant John F. Meehan, and so badly injured that he died the following morning, and that the injury

and death was caused solely by the negligence of the defendants. The appellants claim that the court should have set aside the verdict which the jury rendered for the plaintiff, because the evidence did not show that the decedent was on the highway and in a position of danger for a sufficient time to permit the driver to avoid a collision with him. They contend that the evidence showed the decedent entered the path of the car at a moment when it was impossible to avoid striking him.

There was evidence from which the jury could reasonably have found that the decedent, a man seventy-one years of age, left his home to go to his work. He was wearing a dark overcoat and carrying a lunch box. He crossed from his home on Hillcrest Street to Robbins Avenue in the direction of New Britain, and had reached a point about half way between Stuart and Johnson Streets, which intersect Robbins Avenue, when he was struck. There was a sidewalk on the south side of Robbins Avenue at this point, built on the top of a terrace sixteen or eighteen inches high, while to the west of Johnson Street there was only an irregular cinder walk for a block, and then an irregular concrete walk for several hundred feet, and for the remainder of the distance to New Britain no sidewalk at all. The whole picture presented by this and other evidence amply justifies the conclusion that the decedent was walking along the southerly shoulder of Robbins Avenue on his left-hand side of the roadway when he was overtaken and struck. This portion of Robbins Avenue runs substantially east and west with a twenty-foot roadway, clear and unobstructed for more than one thousand feet east of the point of collision. There were electric street lights in use, one in front and one back of the decedent, and the lights of the car were also in use. The driver testified he could

see "brightly" for one hundred feet and "vaguely" for two hundred feet ahead. The defendant driver, with a lady friend, had attended a New Year's party in Hartford and after being up all night was returning to New Britain. There was also evidence from which the jury could not unreasonably have concluded that he had been drinking. The court properly reminded the jury of the fact as one of common knowledge, that a pedestrian with dark clothing against the dark background of a roadway is less readily seen by the driver of an approaching car than if the clothing were of light color. Whether, under these circumstances, the driver was negligent in failing to see the decedent in time by reasonable care to avoid striking him, was a question of fact for the jury and their finding that the driver was negligent in so failing and driving on the left side of the road and striking the decedent is amply supported by evidence and the permissible inferences therefrom. Under the statute (General Statutes, Cum. Sup. 1931, p. 261, § 598a) it was incumbent upon the defendants in this case to allege and prove the contributory negligence of the plaintiff's decedent. From a careful study of the evidence we are entirely clear that there was ample basis for the conclusion of the jury that such negligence was not established. The motion to set aside the verdict was properly denied.

Error is predicated upon several paragraphs of the finding. Both in argument and brief the appellants treat the finding as one of facts and urge that the paragraphs attacked are based only upon inferences which the plaintiff claimed could be drawn from the testimony. The finding in a jury case is not a determination of facts as such, but only a narrative statement of what evidence was offered to prove and what the party claims was proved either directly or by inferences reasonably drawn. Its sole purpose is to

enable the presentation of claimed errors in the charge and rulings of the court, and if it fairly does this it will not be corrected. *Welz* v. *Manzillo,* 113 Conn. 674, 677, 155 Atl. 841; *Brown* v. *Goodwin,* 110 Conn. 217, 218, 219, 147 Atl. 673; *State* v. *Gargano,* 99 Conn. 103, 106, 121 Atl. 657. We have compared the paragraphs objected to with the record evidence before us and are satisfied that they fairly meet the purpose for which the finding was made and do not require correction.

Three of the appellants' requests to charge were denied. The first was with reference to the conduct of the decedent and was to the effect that if there is a sidewalk upon which a pedestrian can walk and he walks in the street instead, he is guilty of negligence, though he is not obligated by law to use the sidewalk.

"Pedestrians are not necessarily confined to the use of the sidewalk or footpath provided for them, and it is not negligence *per se* for them to use the part generally devoted to vehicles. In fact such user may in some cases be necessary. In this as in other instances due care is required of the pedestrian." Huddy, Cyclopedia Automobile Law (9th Ed.), Vol. 5-6, § 103; *Matulis* v. *Gans,* 107 Conn. 562, 564, 565, 141 Atl. 670. "Sidewalks are for the exclusive use of pedestrians, but the remaining portion of the highway is not for the exclusive use of vehicles. In the absence of statutory or municipal regulations affecting the question, the pedestrian has equal rights in the street with the operator of an automobile." *Cole* v. *Wilson,* 127 Me. 316, 319, 143 Atl. 178, 179; *Schmeiske* v. *Laubin,* 109 Conn. 206, 208, 145 Atl. 890. A pedestrian is not guilty of negligence as a matter of law in walking upon the roadway rather than on a sidewalk, even if the sidewalk is usable. *Booth* v. *Meagher,* 224 Mass. 472, 113 N. E. 367; *Mears* v. *McElfish,* 139 Md. 81, 114 Atl.

701; *Petrie* v. *Myers Co.*, 269 Pa. St. 134, 112 Atl. 240. The court correctly charged the jury upon this point, that while it is not negligence as a matter of law for a pedestrian to walk in the roadway, he is required, if he does so, to use greater care than would be required of him if walking on a sidewalk.

The second request to charge related to the duty of the defendant Meehan, Jr., and was that the driver of an automobile, when he knows that there is a sidewalk in good condition paralleling the road "is under no duty to anticipate the presence of pedestrians upon the traveled portion of the highway used by motor vehicles except at cross-walks or at the intersection of streets." If the first request had been a correct statement of the law, doubtless this second one would also be true. Since, however, the pedestrian on the street is in a position permitted him by law, the driver of an automobile is charged with notice of that right, and he is required to take such precautions, in the exercise of reasonable care, as the possible presence of a pedestrian on the highway may demand under all the circumstances of the case. In this connection, the assumption that this driver knew there was a usable sidewalk at this point, does not appear to be warranted by the finding.

A third request was that while a pedestrian may cross a street at any point, if he does so at a point "where drivers need not anticipate his presence" he must use care commensurate to the risk. This purports to have been formulated on the strength of a statement in *Hizam* v. *Blackman*, 103 Conn. 547, 131 Atl. 415, which is cited as authority. We there said: "While a pedestrian may ordinarily cross a street at any place, it is the law that 'in doing . . . so he is bound to exercise care commensurate to the increased danger incident to being in a place where pedestrians

do not usually go, and, consequently, *where drivers need not take the same precaution in anticipation of their presence that they are required to take at regular crossings.'*" This is far from saying that a driver under these circumstances need not anticipate nor take any precautions whatever against such action by pedestrians. The entire situation to which these requests relate is governed by the same general rule, applicable to plaintiff and defendant alike, that care must be exercised commensurate to the danger involved, each party anticipating the exercise by the other of his legal rights on the highway. These requests were properly refused. The charge as given correctly and adequately states the rules of law in this connection.

There is no error.

In this opinion the other judges concurred.