JENNIE CASCHETTO *v.* THE SILLIMAN & GODFREY COMPANY, INC.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 3—decided November 8, 1939.

*David Goldstein,* with whom was *Kenneth J. Zarrilli,* for the appellant (plaintiff).

*George N. Foster,* for the appellees (defendants).

BROWN, J.   In this action for personal injuries sustained by the plaintiff in consequence of the alleged negligent backing against her of the defendant company's automobile, the jury rendered a verdict for the defendants which the court refused to set aside. The plaintiff's appeal from the judgment is confined to claimed errors in the court's charge to the jury.

On the afternoon of March 21, 1938, the defendant company, referred to below as the defendant, by the other defendant as its agent, drove southerly along Main Street in Bridgeport, and stopped its automobile a short distance north of the intersection of Bank and Main Streets, immediately east of a car also headed south parked along the westerly curb of Main Street. The right door of the defendant's car was opposite the rear bumper of the parked car.   Behind this car was room for another car to park.   The plaintiff, at a point a few feet back from the defendant's car and some twenty-five feet north of the intersection, stepped off the west curb of Main Street to cross to the east side of the street.   The defendant backed its car to park at the curb in the vacant space.   As it did so the rear end of the car struck the plaintiff, causing the injuries complained of.   The place where the plaintiff was crossing and was hit was not within a regular crosswalk.   These facts are undisputed.   The plaintiff's claims of proof upon the issue of the defendant's negligence were that it neither blew its horn before pro-

ceeding to back the car, nor gave any other signal of its intention to back it, and that while the car was backing its driver was looking toward the front until after the plaintiff was struck. Those of the defendant were that it signalled to a following car its intention to back into the parking space and waited for this car to pass; that the defendant's driver looked back and saw no one to the rear or on the curb; that it backed in slowly parallel to the curb; and that while doing so its driver continued to look alternately to the rear and to the front until he stopped the car suddenly at the sound of the impact.

The question determinative of this appeal is whether in referring to the defendant's duty the court erred in using these words in the charge: "It is not anticipated that pedestrians will cross at places other than regular crosswalks. And, naturally, drivers of automobiles are not bound to anticipate that they will cross at places other than regular crosswalks." The defendant's two-fold answer to the plaintiff's claim that this constituted error, is that this is a correct statement of the law, and that even if it is not, when read in connection with the rest of the charge it does not amount to reversible error.

The decisions of this court conclusively refute the first of these contentions. As we have stated: " 'Sidewalks are for the exclusive use of pedestrians, but the remaining portion of the highway is not for the exclusive use of vehicles. In the absence of statutory or municipal regulations affecting the question, the pedestrian has equal rights in the street with the operator of an automobile.' *Cole* v. *Wilson*, 127 Me. 316, 319, 143 Atl. 178, 179; *Schmeiske* v. *Laubin*, 109 Conn. 206, 208, 145 Atl. 890." *Peterson* v. *Meehan*, 116 Conn. 150, 154, 163 Atl. 757. And from this the principle, which we went on to state, logically follows: "Since . . .

the pedestrian on the street is in a position permitted him by law, the driver of an automobile is charged with notice of that right, and he is required to take such precautions, in the exercise of reasonable care, as the possible presence of a pedestrian on the highway may demand under all the circumstances of the case." *Peterson* v. *Meehan,* supra, 155. While, as we then proceeded to point out, drivers are not held to as high a degree of care to anticipate the presence of pedestrians at other places as they are at regular crossings, because of the fact that people do not usually cross at those places, this is far from saying, as charged by the court, that no duty rested upon the defendant driver to anticipate the presence of pedestrians at other than regular crosswalks. That the pedestrian was not at a regular crossing was one of the circumstances affecting the degree of care required of the driver, but it by no means absolved him of all duty to anticipate the possible presence of a pedestrian at such a place. The same general rule applies to plaintiff and defendant alike at all times, that each must exercise reasonable care, which means care "commensurate to the danger involved, each party anticipating the exercise by the other of his legal rights on the highway." Id. 156. This is also the rule in other jurisdictions as evidenced by very many decisions, of which a number are cited in 5 Am. Jur. 615, § 202; notes, 93 A. L. R. 553; 67 A. L. R. 99. *Texas Motor Co.* v. *Buffington,* 134 Ark. 320, 325, 203 S. W. 1013. The court's charge to the contrary was erroneous.

Upon this record, the principle recited in *State* v. *Murphy,* 124 Conn. 554, 566, 1 Atl. (2d) 274, that "the charge is to be read as a whole and error cannot be predicated upon detached sentences or portions of it," is not applicable to render this error harmless, as the defendant further contends. Earlier in the charge

the court had stated the general rule that the defendant's duty was to use reasonable care under the circumstances; and in discussing the subject of contributory negligence had said in substance that both the plaintiff and the defendant had a right to use the street, that each must exercise this right with reasonable care to avoid injury to or from the other, and that the plaintiff, in crossing at other than a crosswalk and consequently where the defendant was not bound to take the same precaution to anticipate her presence as at a regular crosswalk, must use care commensurate with the increased danger incident thereto. While these instructions, so far as they go, are correct, the implication therein that there was a duty upon the defendant to anticipate the plaintiff's presence at the place in question was completely nullified by the portion of the charge complained of, which followed. Such duty to anticipate the presence of the plaintiff as was incumbent upon the defendant under the circumstances was a most essential element of the reasonable care required of it. By the court's final words definitive of this duty, to the effect that the defendant "was not bound to anticipate" that the plaintiff would cross where she did, it eliminated from the jury's consideration the correct rule and substituted a wrong one. "Where the court, at the conclusion of a charge, returns to a subject considered in an early part of it, and gives additional instructions in regard to it, the jury may naturally regard them, so far as they may state a new and different rule, to be intended to qualify, as a last word, that which had been previously said." *State* v. *Gallivan*, 75 Conn. 326, 333, 53 Atl. 731. It cannot be said that this misstatement did not influence the jury, for it gave rise to "contradiction, sharp and absolute, upon a fundamental and vital point." It therefore constitutes re-

versible error. *Brennan* v. *Cassidy,* 99 Conn. 422, 426, 122 Atl. 96.

The court did not err in refusing to give the plaintiff's requests to charge referred to in her assignment of errors. In so far as warranted by the finding, these were sufficiently and properly covered by the charge given. The two other assignments of error attacking the charge as given merit no discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.