CARRIE E. MILLER *v.* STAMFORD TRANSIT COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 2—decided April 20, 1943.

*Julius B. Kuriansky,* for the appellant (plaintiff).

*J. Kenneth Bradley,* with whom was *Henry J. Lyons,* for the appellee (defendant).

ELLS, J. The vital issue of fact to be determined by the jury was whether the plaintiff walked into the side of a slow moving car or was struck by it while standing in the street waiting for it to pass. The verdict was for the defendant. The trial court denied a motion to set it aside. The plaintiff has appealed from this, and from the judgment entered on the verdict.

There was evidence from which the jury could reasonably have found that the defendant's driver was not negligent and that the plaintiff's injuries were caused by her own failure to exercise ordinary care under the circumstances which confronted her. The denial of the motion to set aside the verdict was correct.

The plaintiff requested the court to add to the finding her claims that she had offered evidence tending to prove that the defendant was negligent in specified respects and that such negligence was the proximate cause of her injuries. The court refused to do so, apparently upon the ground that these claims constituted conclusions. The purpose of a finding in a jury case is to furnish a basis for presenting error claimed to have occurred in the trial of the case, particularly in the charge to the jury. Conn. App. Proc., § 85. The paragraphs sought to be added had support in the

evidence. The plaintiff is entitled to have them included in the finding.

The following facts are not disputed. South Street in Stamford is fifty feet wide and is a white concrete road divided by black bituminous lines into five lanes, each ten feet wide. The plaintiff, a woman sixty-nine years of age, walked southerly on the east sidewalk of South Street and, upon arriving at the rear end of a gasoline truck parked at the curb, turned to her right and started to cross South Street to go to her home. Traffic was heavy in both directions. It was night but the street was well lighted. The weather was clear and dry. There were no crosswalks in the immediate vicinity. The plaintiff was wearing dark clothing.

The plaintiff offered evidence that after she had passed by the gasoline truck, which was headed north, she walked into the street, cleared the width of the truck and, upon reaching a point about seven feet from the east curb, came to a stop. She looked south and, seeing a line of traffic approaching, stood still and waited for it to go by. The defendant's taxicab was proceeding in a northerly direction. The right portion of the right front fender struck her. There were no cars parked along the easterly side of South Street for at least forty feet south of where she was crossing.

The defendant's claims of proof were that the taxicab was being operated on its own right-hand side of the road at about ten miles an hour. The bright headlights were on, and the driver was keeping a lookout straight ahead, in heavy traffic. When the cab was about opposite the rear of the parked gasoline truck the driver heard or felt a slight thump, and stopped instantly. He found the plaintiff lying in the street. When the cab came to a stop its right rear was from ten to fifteen feet from the east curb. The claims

of proof as to the plaintiff's conduct were that at the rear of the parked truck she turned right, stepped down from the curb, walked past the rear of the truck and took one or more steps beyond, into that portion of the road that was being used for moving traffic. She was in the act of taking a step forward when her body came in contact with the right rear of the defendant's cab. There were cars parked on both sides of South Street for some distance south from the scene of the accident.

The first claim of error is that the court did not adequately instruct the jury concerning the legal duty of the defendant's driver to keep a proper lookout. The court stated the various specifications of negligence. It then correctly defined the meaning of negligence and of reasonable care and left it to the jury to decide whether the driver's conduct in any of the claimed respects failed to meet the requirements of the common law and statutory rules of conduct which it had carefully explained. It further stated that the defendant was charged with notice of the right of the plaintiff to be in the street, and was required to take such precaution, in the exercise of reasonable care, as the possible presence of a pedestrian on a highway may demand under all the circumstances of the case. The charge, considered in its entirety, was adequate in this respect.

The plaintiff assigns error because the court instructed the jury as to her right to cross the street at a place other than a crosswalk. The court charged that the pedestrian on the street is in a position permitted by law; that drivers are not held to as high a degree of care to anticipate the presence of pedestrians at other places as they are at crosswalks, but are by no means absolved of all duty to anticipate the possible presence of a pedestrian at such a place; and

that both driver and pedestrian must exercise care commensurate to the danger involved, each party anticipating the exercise by the other of his or her legal rights on the highway. The charge was correct. *Caschetto* v. *Silliman & Godfrey Co., Inc.*, 126 Conn. 22, 24, 9 Atl. (2d) 286. The further claim is that since there was no crosswalk where the plaintiff attempted to cross the street the court should not have mentioned crosswalks at all. This is obviously a non sequitur. The issue belonged in the case.

The final error assigned as to the charge relates to the plaintiff's claim that she had partially crossed the street and had then stopped to permit the defendant's car to pass. It is contended that the court should have told the jury that the question presented was whether a reasonably prudent person in such a situation would reasonably believe that he or she could cross in safety, and that her conduct could not be regarded in itself as necessarily a negligent exposure to danger or make her guilty of contributory negligence as a matter of law. *Marini* v. *Wynn*, 128 Conn. 53, 55, 20 Atl. (2d) 400. The charge adequately submitted and left to the jury decision as to whether the plaintiff's conduct, viewed in the light of the carefully stated common-law principles, constituted contributory negligence.

A witness was asked whether there was sufficient space for the automobile to have passed the plaintiff without striking her. The court excluded the question. Upon the record no claim of either party appears upon which the fact sought to be elicited would have a material bearing.

There is no error.

In this opinion the other judges concurred.