LILLIAN DEGNAN *v.* AXEL W. OLSON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 5—decided November 22, 1949.

*Alexander Winnick,* with whom, on the brief, was *Milton Rice,* for the appellant (plaintiff).

*David M. Reilly,* for the appellees (defendants).

BROWN, J. In this negligence action for personal injuries sustained by the plaintiff when she was struck while crossing a highway by an automobile owned by one defendant and driven by the other, the jury returned a verdict in favor of the defendants which the court refused to set aside. The plaintiff's appeal from the judgment is confined to claimed errors in the court's charge to the jury. Many of the oral objections to the charge repeated written requests duly filed. Under Practice Book § 156, failure to charge in accordance with a written request affords a ground of appeal without further objection orally.

Whitney Avenue in North Haven is a four-lane concrete highway running substantially north and south and is intersected at approximately right angles by Skiff Street. The crosswalks at the intersection are not marked. The northerly edge of the Skiff Street sidewalk at the northwest corner is some ten feet north of the north edge of the sidewalk at the northeast

corner extended. About 1 o'clock on the afternoon of February 8, 1947, as the plaintiff proceeded across Whitney Avenue from somewhere in the vicinity of the northeast corner and was near the middle of the avenue, she was struck by the defendants' car as it proceeded northerly, receiving the injuries for which she seeks recovery. The roadway in the vicinity of the intersection was covered with hard-packed snow and the defendants' car was not equipped with chains. These facts are undisputed. The plaintiff claimed that she started from the northeast corner, proceeded to walk across on the crosswalk with due care and was struck at a point four or five feet west of the center of the avenue. The defendants claimed that when the car, proceeding northerly in the most easterly lane, reached the north curb line of Skiff Street the plaintiff was standing about twenty feet to the north on the east curb of the avenue, that thereupon she stepped off and ran diagonally across in a northwesterly direction in front of the defendants' car, that the driver applied his brakes and turned left to avoid her, but that at a point near the center of the avenue some thirty feet north of the Skiff Street north curb line the plaintiff ran into the right front fender.

At two or three places in the charge the court correctly stated that the burden of proof of contributory negligence was on the defendants. It began its discussion of this issue, however, by stating that "there must be freedom from contributory negligence on the part of the plaintiff, which is a matter of proof for the defendant." Later it stated that it wanted to talk about contributory negligence "as alleged in the complaint." The complaint contained no such allegation. Its last statement as to the burden of proving contributory negligence was that, in the event the jury found some allegation of negligence proven, it would be essen-

tial for them to determine whether "the plaintiff was free from contributory negligence and the defendant had successfully demonstrated that to you in accordance with the law as I have given it to you." The instructions on the one hand that the defendants had the burden of proving that the plaintiff was guilty of contributory negligence and on the other that their burden was to prove that she was free from contributory negligence were contradictory, confusing and incorrect. Under them the jury might well have considered that unless on the whole case they were satisfied that the plaintiff was free from contributory negligence she could not recover. In *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 590, 53 A. 2d 296, we succinctly stated the elements of a proper charge upon the issue of contributory negligence and pointed out that the jury should be told that, if the defendant offers no evidence or fails to prove by a fair preponderance of evidence that the plaintiff was negligent, the plaintiff is, by force of the statute (General Statutes § 7836), entitled to prevail. The charge as given constituted reversible error. It went beyond the harmless inadvertence exemplified in *Mavrides* v. *Lyon,* 123 Conn. 173, 178, 193 A. 605, which the defendants rely upon, and it cannot be held obviated under the principle stated in *Ghent* v. *Stevens,* 114 Conn. 415, 421, 159 A. 94, which the court cited as authority in its memorandum of decision denying the plaintiff's motion to set aside the verdict.

As we have stated, the plaintiff claimed that she was crossing on the crosswalk, while the defendants claimed that she was crossing at a place twenty feet farther north. In discussing the respective duties of the defendants and the plaintiff incident to the conflicting claims as to where, with relation to the crosswalk, she crossed the road, the court made her "proximity" to

the crosswalk the test of less care by her as a pedestrian and greater care by the defendant driver. This is not the test. The reason the operator of a motor vehicle is bound to a higher degree of care to a pedestrian on a crosswalk is that he should anticipate the pedestrian's possible presence there; and the obverse of this is that the pedestrian may assume that he will do so. *Puza* v. *Hamway*, 123 Conn. 205, 208, 193 A. 776; *Miller* v. *Stamford Transit Co.*, 130 Conn. 63, 66, 32 A. 2d 53; *Caschetto* v. *Silliman & Godfrey Co.*, 126 Conn. 22, 24, 9 A. 2d 286; *Peterson* v. *Meehan*, 116 Conn. 150, 155, 163 A. 757. The test is: Is the pedestrian, if not on the crosswalk, so near to it that the motorist should anticipate the likelihood of his presence? The fault of the charge as to both negligence and contributory negligence was that it left the question to be decided on the basis of "proximity" without any guidance to the jury as to the grounds for determining the meaning of the word as related to the problem before them. Whether the plaintiff, if the jury found that she was starting to cross the street some feet north of the crosswalk and was proceeding diagonally away from it, was in such a position with reference to it that the defendant driver was bound to think it likely that some person would be crossing there was a question for the jury to decide under proper instructions and could not be determined by absolute standard. If this were the only error in the charge it might not entitle the plaintiff to a new trial, since it apparently stemmed from her requests to charge. As other errors require that the case be remanded, however, we have considered the question, which may be material upon a retrial.

By an amendment to her complaint, the plaintiff alleged that the defendants were negligent in operating the car without having chains on the wheels. It was undisputed that the defendants had chains in the car

but none on the wheels and that the hard-packed snow covering the roadway was slippery. The court charged that there was "no evidence in the case that reasonable care at the time required the use of chains, and there is no evidence that the use of chains would have brought about a different situation." In response to the plaintiff's exception, the court explained to the jury that in stating that there was no such evidence it "had partially in mind" expert testimony and continued, ". . . but I did not intend to remove from your province or your decision the question of whether or not reasonable care required the use of chains on this particular occasion." Assuming that this was sufficient to obviate the error complained of in the court's original statement, the court failed to give any adequate specific instruction relative to this ground of negligence, although the plaintiff had submitted a proper request therefor. The plaintiff was entitled to the substance of this instruction and under the circumstances her failure to except further, after the court's supplemental charge, does not preclude consideration of the error by this court. That the error may have been material is indicated by the defendant driver's admission, set forth in the finding, that "the hard packed snow made it impossible to stop."

The plaintiff's final claim is that the court erred in charging upon the defendants' duty in a sudden emergency. The court charged that, "where the operator of an automobile is suddenly confronted with an emergency without fault on his part, without sufficient time to consider all the circumstances, the law does not require of him the same degree of care and caution as it requires of a person who has ample opportunity for the full exercise of judgment made under those circumstances does not create liability." Just what the court meant by the last part of this statement is by no means

clear, but the plaintiff complains of the instruction that in an emergency a different and a lesser "degree of care and caution" is required than when there is no emergency. A correct statement of the principle is that "In an emergency not due to his own negligence, one is not relieved of all obligation to exercise care but is required to exercise the care of an ordinarily prudent person acting in such an emergency." *Puza* v. *Hamway*, 123 Conn. 205, 213, 193 A. 776. While the court had so charged in substance prior to the instruction complained of, its subsequent statement was open to the criticism stated and was erroneous.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.