ABE FANDILLER *v.* MARGARET PELUSO

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 10—decided November 4, 1952

*William K. Lawlor,* for the appellant (defendant).

*F. Patrick Zailckas,* with whom was *Haskell A. Harris,* for the appellee (plaintiff).

BALDWIN, J. The defendant has appealed from a judgment awarding damages to the plaintiff for the defendant's negligence in the operation of her automobile.

From the finding and exhibits it appears that, in Waterbury, South Main Street, on the east, and Bank Street, on the west, run approximately north and south and converge at Apothecaries Hall, a Waterbury landmark, north of which they merge to form Exchange Place, which extends northerly as a wide street or plaza. Harrison Avenue runs substantially east and west and intersects Exchange Place from the west. The area is well illuminated by street lights.

The trial court found that on October 25, 1949, the plaintiff finished his work about 11 p. m. A steady rain was falling. He walked south on the easterly side of South Main Street to a crosswalk, at which point the street was thirty-five feet wide, looked to his right and left and, seeing no cars coming, started

to cross to the west side of the street. The crosswalk is located a short distance south of Exchange Place. The plaintiff had nearly reached the westerly curb when he was struck by an automobile and thrown to the ground.

The defendant was employed as a nurse at the Waterbury Hospital. Having finished her work, she was driving easterly along Harrison Avenue in her automobile accompanied by Mrs. Powell, a fellow employee. She intended to take Mrs. Powell to her home on the west side of South Main Street. She brought her car to a standstill at a stop sign before entering Exchange Place. At that point, she could not see the crosswalk on South Main Street over which the plaintiff claimed to have been crossing. The defendant then passed through Exchange Place into South Main Street. The plaintiff was within eight feet of the westerly curb when he was struck by the right front of the defendant's automobile. The defendant looked neither right nor left as she swung around the corner to enter South Main Street and so failed to see the plaintiff. She denied that her car had struck him. She brought her car to a stop, however, thirty feet south of the crosswalk and on the westerly side of the street, just beyond where the plaintiff was lying in the gutter. She told the police that she had stopped there, not because she was aware that she had struck the plaintiff, but to discharge her passenger, Mrs. Powell. Mrs. Powell left the automobile immediately and went to her home, which was approximately 450 feet farther down South Main Street.

The defendant claims that she was not negligent, that her car did not strike the plaintiff and, further, that the plaintiff was guilty of contributory negligence. To sustain these claims, she has made a

thorough and extended attack upon the finding. This attack fails. The subordinate facts found support the conclusion drawn therefrom that the plaintiff was free from contributory negligence. He had all but reached the westerly curb when he was struck. He had looked for approaching traffic before starting to cross and had seen none. Then, too, the plaintiff was on a crosswalk and the defendant was under a duty to exercise a higher degree of care in anticipating his presence than if he had been on the open highway, a duty which he was entitled to assume she would observe. *Degnan* v. *Olson,* 136 Conn. 171, 175, 69 A.2d 642; *Caschetto* v. *Silliman & Godfrey Co.,* 126 Conn. 22, 25, 9 A.2d 286; *Skovronski* v. *Genovese,* 124 Conn. 482, 485, 200 A. 575; *Peterson* v. *Meehan,* 116 Conn. 150, 155, 163 A. 757. In any event, under the statute, the burden of proving the plaintiff's contributory negligence rested upon the defendant. General Statutes § 7836.

The defendant denies that she was negligent or that her car struck the plaintiff. No one saw her car collide with him. However, courts must necessarily rely, in many cases, upon circumstantial evidence. They are entitled to draw reasonable and logical inferences from facts existing prior to or subsequent to an event for the purpose of reaching a conclusion of fact. *Shaughnessy* v. *Morrison,* 116 Conn. 661, 664, 165 A. 553. The finding that the defendant's car struck the plaintiff finds reasonable support in the evidence. The conclusion that this occurrence was due to the defendant's negligence is amply supported by the subordinate facts.

The plaintiff was picked up on the westerly curb, a very few feet south of the crosswalk. A tire mark in the wet pavement on the crosswalk, eight feet from the westerly curb, indicated that the defendant's car

had actually passed very close to where the plaintiff said he was struck. Then, too, the defendant admitted to the police, "I might have brushed him, but I didn't see him on the crosswalk." In testing the credibility of her denial, the court very properly took into account the explanation she gave for stopping where she did. She claimed that she came to a stop, not because she had struck the plaintiff, but because she desired to let Mrs. Powell alight to go to her home. Mrs. Powell lived more than 450 feet farther down South Main Street, a place which the defendant intended to pass. It was raining. There was ample room to pull into the curb there. The explanation for stopping where the defendant did was far from convincing.

The case presented controversial issues of fact which were solely within the province of the trial court to decide. Maltbie, Conn. App. Proc. § 4.

There is no error.

In this opinion the other judges concurred.