VICTORIA DROBISH v. ROCHELE PETRONZI ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 3—decided May 24, 1955

*Charles Henchel,* with whom was *Jack B. Talsky,* for the appellant (plaintiff).

*David M. Reilly,* for the appellees (defendants).

BALDWIN, J. On January 24, 1950, about 11:20 o'clock in the evening, the plaintiff was crossing from north to south on the easterly crosswalk at the intersection of Howard Avenue and Columbus Avenue in New Haven. It was raining and the pavement was wet. The plaintiff, without hat or umbrella and wearing a brown overcoat, stopped at the north curbstone of Columbus Avenue until the traffic light suspended in the center of the intersection showed green for traffic going north and south on Howard Avenue. She looked east and west to make sure that the traffic on Columbus Avenue was halted and then proceeded to cross. When she was three-quarters of the way over, she was struck by the defendants' car, which had been traveling slowly south on Howard Avenue and had turned east into Columbus Avenue. The driver did not see the plaintiff until too late to avoid striking her. After leaving the north curbstone, she had not again looked to the right, although she was familiar with the intersection and crosswalk and had been so for a long time. The court concluded that the operator of the defendants' car was negligent. It concluded, also, that the plaintiff was oblivious to her surroundings, that she was not alert and watchful for her own protection, and that she was, therefore, guilty of contributory negligence.

Section 2519 (b) of the General Statutes gives the right of way to a pedestrian who is crossing with the

light on a crosswalk at a street intersection controlled by automatic traffic signals. The plaintiff was entitled to assume that the defendant driver would observe this rule, and she could govern her conduct with that in mind. *Degnan* v. *Olson,* 136 Conn. 171, 175, 69 A.2d 642; *Fandiller* v. *Peluso,* 139 Conn. 225, 228, 92 A.2d 734. But having the right of way would not justify her in being oblivious to the circumstances and failing to exercise care commensurate with the situation. *Januszewski* v. *Sargent,* 113 Conn. 757, 155 A. 58; *Mulvey* v. *Barker,* 138 Conn. 551, 554, 86 A.2d 865. One who has the right of way is still under a duty to exercise reasonable care. *Squires* v. *Wolcott,* 133 Conn. 449, 455, 52 A.2d 305; *Mulvey* v. *Barker,* supra. "Ordinarily a conclusion of negligence or of freedom from it is one of fact. The reason is that 'the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier. . . . In every such case the trier, for the time being, adopts his own opinion, limited only by the general rule, of what the man of ordinary prudence would or would not do under the circumstances, and makes such opinion the measure or standard of the conduct in question.'" *Skovronski* v. *Genovese,* 124 Conn. 482, 483, 200 A. 575, quoting from *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 A. 675, 22 A. 544.

Courts must necessarily rely upon circumstantial evidence and are entitled to draw reasonable and logical inferences from all of the facts. *Fandiller* v. *Peluso,* supra. The trial court could have found reasonably that at the time and place of the plaintiff's injury the visibility was poor owing to weather

conditions. The plaintiff wore dark clothing which made it difficult for her to be seen. She was crossing a wide street. She was familiar with the intersection and aware that cars could turn from Howard Avenue into Columbus Avenue. These conditions demanded that she be alert. We cannot say under all the circumstances that she was free from contributory negligence as a matter of law.

There is no error.

In this opinion the other judges concurred.