[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (NO. 113)
The motion now before the court presents an issue on which Superior Court Judges have divided. May double or treble damages awarded to a person injured by certain traffic violations, pursuant to Conn. Gen. Stat. § 14-295, be assessed against the owner of the vehicle pursuant to the family car and agency statutes, Conn. Gen. Stat. §§ 52-182 52-183? Although the policy justification of such an assessment is debatable, I conclude that the assessment in question is compelled by statutory language and Supreme Court precedent.
The plaintiff, Michael Santillo, claims in his complaint that on August 18, 1998, he was injured in a three-car accident. The car immediately behind Santillo's vehicle was driven by Edward C. Arredono and owned by Caesar Anedono. The car immediately behind the Arredono vehicle was driven by David Supple and owned by Deanna Supple. Santillo alleges that the Supple vehicle ran into the Arredono vehicle, which in turn ran into his vehicle.
Santillo commenced this action against both Arredonos and both Supples in August 2000. His complaint consists of nine counts, but only two of those counts are presently before me. His eighth count alleges that Deanna Supple is responsible for the assertedly "reckless and or intentional conduct" of David Supple as a matter of "agency." The ninth count alleges that Deanna Supple is responsible for the same conduct as a matter of the "family car" doctrine. These counts are confusingly drafted and do not themselves mention the family car and agency statutes, but other counts in the complaint citing the statutes in question are incorporated by reference. Santillo asks for double or treble damages pursuant to Conn. Gen. Stat. § 14-295 with reference to the eighth and ninth counts.
On February 9, 2001, Deanna Supple filed the motion to strike now before the court. The motion seeks to strike the eighth and ninth counts for failure to set forth a sufficient cause of action against the defendant-owner for double or treble damages. The motion was argued on March 19, 2001.
"The common law has long recognized that agency principles limit vicarious liability for punitive awards." Kolstad v. American DentalAssociation, 527 U.S. 526, 541 (1999). See Maisenbacker v. SocietyConcordia, 71 Conn. 369, 379, 42 A. 67 (1899). Under common law, punitive damages may be awarded against a principal because of the act of an agent only under narrow circumstances, such as authorization of the tortious act. See RESTATEMENT (SECOND) OF AGENCY § 217 C (1957); RESTATEMENT (SECOND) OF TORTS § 909 (1977). No such special circumstances are alleged here. Although statutory multiple damages awarded pursuant to CT Page 3876 § 14-295 are technically distinct from common law punitive damages, they "serv[e] a similar punitive purpose." Caulfield v. Amica MutualInsurance Co., 31 Conn. App. 781, 786 n. 3, 627 A.2d 466, cert. denied,227 Conn. 913, 632 A.2d 688 (1993).
As a matter of legal policy, it would appear at first blush that the common law limitations on vicarious liability for punitive awards should apply to § 14-295 as well. The underlying moral considerations are the same in both instances. If, for example, I lend my car to a family member who I know to be a drunk, an assessment of double or treble damages against me makes sense, for I will be morally responsible for the ensuing tort. If, on the other hand, I lend my car to another family member who has been, up to that moment, a model of sobriety, it will make little sense to visit me with double or treble damages later on if, unbeknownst to me, my hitherto sober relative decides to go on his inaugural binge while driving my car. In the first instance, I am punished for my own wrong. In the second instance, I have done no wrong, and punishment of me is a random act that strips the law of its moral force.
If the legal slate were a blank one, these policy reasons would be forceful. The slate, however, is far from blank. Supreme Court precedent makes it clear that common law limitations on vicarious liability for punitive damages can be overridden by statute. This precedent must now be considered.
In Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280,472 A.2d 306 (1984), the Supreme Court held that lessors of automobiles are chargeable with double or treble damages under § 14-295 by virtue of the statute imposing liability upon owner-lessors of motor vehicles, Conn. Gen. Stat. § 14-154a. The owner-lessor statute just cited provides that, "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." The Court reasoned that the legislative language making lessors liable "to the same extent as the operator[s]" "necessarily displaces and overrides common law presumptions about the relationship between insurer and insured, master and servant, employer and employee." 192 Conn. at 288. Significantly for the present case, the Court added in a footnote that, "We have been able to discern no reason of policy . . . to distinguish between the liability of owners and of lessors." Id. n. 4.
The family car and agency statutes must also be considered. Conn. Gen. Stat. § 52-182 provides that, "Proof that the operator of a motor vehicle . . . was the husband, wife, mother, son or daughter of the owner CT Page 3877 shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption." Conn. Gen. Stat. § 52-183 provides that, "in any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."
Neither the family car nor the agency statute are as textually explicit in shifting damages of all description to automobile owners as the owner-lessor statute construed in Gionfriddo. The question, however, is whether these statutes are sufficiently explicit to override common law limitations on vicarious liability for punitive damages. Although the question is a close one, and on which reasonable judicial minds can and do differ, I conclude that the answer to this question is in the affirmative.
Consider the agency statute first. That statute facially applies to "any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle." (Emphasis added.) Damages for the reckless operation of a motor vehicle are the classic type of damages subject to the multiplier effect of § 14-295. The legislative reference to damages for recklessness in § 52-183 can reasonably be read as encompassing double or treble damages imposed under § 14-295. Gionfriddo's observation that there is no policy distinction between the liability of owners and of lessors,192 Conn. at 288 n. 4, emphasizes that damages of this description can be visited on owners under an appropriate statute without violating the policy underlying Connecticut law.
The family car statute, Conn. Gen. Stat. § 52-182, does not contain the agency statute's reference to recklessness. While, as a purely textual matter, this distinction is an arguable basis for a separate construction of the two statutes, other policy considerations counsel forcefully against such a result. Both statutes were enacted within a comparatively brief period of time. The family car statute was enacted in 1931; 1931 Conn. Pub. Acts ch. 292; and the agency statute was enacted in 1935; Conn. Gen. Stat. § 1661c (1935 Supp.). The Supreme Court noted at an early date that the texts of these statutes are "quite similar" to each other; Koops v. Gregg, 130 Conn. 185, 187, 32 A.2d 53 (1943); and construed the two statutes with reference to each other; id. at 187-88. Under these circumstances, keeping in mind Gionfriddo's admonition that there is no policy difference between the liability of owners and of CT Page 3878 lessors, it is appropriate to construe the statutes similarly here. The family car statute, like the agency statute, affords an appropriate basis for the assessment of multiple damages, pursuant to Conn. Gen. Stat. § 14-295, against the owners of vehicles.
The motion to strike is denied.
Jon C. Blue Judge of the Superior Court