BENNIE KRUPIEN *vs.* WESLEY D. DOOLITTLE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 10th—decided November 7th, 1933.

*Arthur T. Gorman* and *Charles T. McClure,* for the appellant (defendant).

*Samuel M. Silver,* with whom, on the brief, were *David M. Richman* and *Albert W. Ginsberg,* for the appellee (plaintiff).

HAINES, J. The plaintiff was struck by an automobile driven by the defendant on the afternoon of September 20th, 1931, on Amity Road, so-called, a main highway between Bethany and New Haven. He offered evidence that he was walking along the shoulder of the road in a southerly direction toward his home, and was about one foot from the westerly edge of the concrete pavement; that the defendant's automobile approached from the rear and struck and carried him to the easterly side of the road before he fell to the ground. The defendant, however, offered evidence that the plaintiff was walking on the concrete pavement, and about three feet inside of the westerly edge thereof; that the defendant sounded his horn when within about one hundred and fifty feet of the plaintiff, and continued at thirty to thirty-five miles per hour, and when within about thirty-five feet of him, he sounded it again and slackened his speed to about twenty-five miles per hour and turned his car slightly

to the left to avoid the plaintiff, leaving about three feet of clearance; that when within about ten or twelve feet of the plaintiff, the latter suddenly turned to the left and stepped directly into the path of the car, and started at a brisk pace diagonally across the road, and had proceeded about six feet when struck near the center of the road; that the defendant applied his brakes when the plaintiff changed his course, and then turned slowly to the left, but seeing it was impossible by so doing to avoid the plaintiff, turned to the right in an attempt to go back of him, but failed, and after the plaintiff was struck, stopped the car within a distance of about two feet; that there was no opportunity to avoid striking the plaintiff after he turned into the path of car; and further that the plaintiff, at no time, looked to see if there was any southbound traffic before starting to cross the street, and that he gave no signal of his intention to turn from the line in which he was traveling, save the turn itself.

Error is assigned in the following portion of the charge: "In the event you find that the accident happened in the manner told by the plaintiff's witnesses, I do not anticipate that you will have much difficulty in determining that the defendant is liable under the rules I have stated to you. Should you, on the other hand, find that it happened in the manner told by the defendant's witnesses, the question whether or not the defendant is liable may well prove more difficult of determination. In that event, some interesting questions may suggest themselves for solution, as, for example, with relation to the claimed negligence of the defendant. If the plaintiff was walking across diagonally at a fast walk only, and the defendant meantime was proceeding only at a speed sufficient to cover twelve feet while the plaintiff progressed six, as the defendant testified, since there was some thirteen or

fourteen feet of unobstructed highway to the defendant's left, why didn't the defendant turn further to the left to avoid the plaintiff as he brought his car to a stop, instead of proceeding almost straight on and striking the plaintiff as he was walking diagonally across and away from him? This, and such other questions as may have been suggested to you in argument or may occur to you on one side or other to test your conclusions, you may well consider in arriving at your verdict."

In argument and brief the defendant contends that upon his evidence the plaintiff was guilty of a negligent act as matter of law, which was a proximate cause of the collision, and that the court should have so charged; that instead the charge as given justified the jury in believing that notwithstanding the plaintiff's act of contributory negligence, they were still at liberty to find the defendant responsible for the collision because of his negligence thereafter occurring, and that there was thus advanced the doctrine of supervening negligence.

By defendant's claims of proof it appears that, without any warning and without looking, the plaintiff suddenly turned into the path of the car, which was but ten or twelve feet behind him and moving at twenty-five miles per hour. It was covering thirty-six and three-fourths feet per second, and if it continued at that speed was less than one half a second behind the plaintiff. If the jury believed this evidence they could reasonably have found that the defendant could not have stopped the car in that space of time by brakes or otherwise, and could not have turned sufficiently to avoid the plaintiff.

The plaintiff was conscious that he was walking in the line of motor traffic going southerly, and while he was within his legal rights in doing so, he was required

to exercise a degree of care commensurate with the hazard thus assumed. One of the vital requirements thus imposed upon him was to observe the traffic in the line of which he was walking. Failing to do this and turning suddenly without warning to any car which might be approaching from the rear, was negligence, and on the defendant's statement of the facts, was a proximate and materially contributing factor in the collision. It was the duty of the plaintiff to exercise reasonable care, not only to avoid known dangers, but to discover those to which his conduct might expose him, and to be watchful of his surroundings. If he had looked before he turned from his path, he would have seen the defendant's car approaching at about twenty-five miles per hour in a line which cleared his own by about three feet and he would not have been struck.

It was incumbent upon the court to instruct the jury as to what the law required of the parties under these circumstances. The jury should have been told that if they found these to be the true facts, the plaintiff was guilty of contributory negligence as matter of law, precluding a verdict in his favor, and the failure to do so was error. *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415; *Kerr* v. *Connecticut Co.,* 107 Conn. 304, 140 Atl. 751; *Paskewicz* v. *Hickey,* 111 Conn. 219, 149 Atl. 671.

A verdict for the plaintiff could not have been reached upon the theory of supervening negligence, because neither upon the pleadings nor the evidence does that doctrine have any application in this case. The court states in the memorandum of decision upon the motion to set aside the verdict, that there was no suggestion in the charge, either made or intended, that the doctrine could be invoked. It is not necessary to consider other grounds of appeal. There are no assign-

ments of error looking to a correction of the finding, nor any sufficient reason warranting the printing of the entire evidence of the defendant.

There is error, and the judgment is set aside and a new trial ordered. No costs are to be taxed to the appellant for the printing of evidence not forming a part of the finding.

In this opinion the other judges concurred.