VIVIAN E. ATKINS *v.* JOHN C. VARRONE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 7—decided July 25, 1940.

*DeLancey Pelgrift,* for the appellant (defendant).

*George W. Crawford,* for the appellee (plaintiff).

ELLS, J. The plaintiff introduced evidence tending to prove the following facts. Whalley Avenue in New Haven runs in an easterly and westerly direction and is intersected on the north by Sperry Street. At this intersection traffic is controlled by an overhead traffic light substantially in the center of Whalley Avenue. There are double trolley tracks running through the middle of Whalley Avenue, a highway thirty-four feet wide from curb to curb. This intersection is brilliantly lighted at night. On February 8, 1939, the plaintiff was a passenger on an eastbound trolley car which stopped at the intersection, at the crosswalk, and opposite the trolley stop pole; and here the plaintiff was discharged. The light changed from red to green almost at the instant she stepped to the pavement, indicating "go" to cars passing up and down Whalley Avenue. Automobile traffic on the right hand of the trolley car began at once to move in the direction in which the trolley car was halted. The motorman, observing her plight, directed her to pass in front of the trolley car to a place of safety on

its other side. The plaintiff immediately passed in front of it to a point just beyond it, on the crosswalk, and about the middle of the street. The trolley car then continued on its way, leaving her standing at this place. By that time traffic on Whalley Avenue was moving in both directions and the plaintiff was marooned in the middle of the street. As she stood in this position, there were between her and the northerly curb of Whalley Avenue, which was the direction in which she intended to go, two westbound lines of traffic. She was waiting for the traffic light to change again so that she might safely proceed to the northerly sidewalk. While she was standing there the defendant suddenly drove his car out of the line of moving westbound traffic and knocked her down, causing serious injuries.

The first ground of appeal is from the refusal of the trial court to set the verdict aside as being contrary to the law and the evidence. Manifestly the court's ruling was correct.

The defendant introduced evidence tending to prove that he was driving westerly on Whalley Avenue, and stopped at the traffic light, which was then red, and when it changed to green drove forward slowly, closely following another car, and straddling the north rail of the westbound track. The operator of the car ahead swerved to the right to avoid striking the plaintiff, who then "stepped forward with outstretched hand in front of the left front fender" of the defendant's car. The defendant applied his brakes, but struck and seriously injured the plaintiff. She was moving and not standing still at the time the operator of the car ahead swerved to avoid her.

The defendant filed no requests to charge. He does not criticize the charge as given to the jury, except to

claim that the court should also have charged in accordance with §§ 6191 and 395(b) of the General Statutes. If these statutes had reasonable application to the claims of proof disclosed in the finding it would be the duty of the trial court to charge concerning them, even in the absence of a request. *Iannucci* v. *Lamb*, 123 Conn. 142, 145, 193 Atl. 212. The defendant claims these statutes were directly involved in the case.

Section 6191 makes it an offense punishable by fine for a pedestrian to use a highway negligently or recklessly, or to recklessly disregard his own safety or the safety of any person by the manner of his use of a highway. We have held that this statute establishes no other standards as regards negligence than those of the common law. "The trial court was not requested to charge the jury as to the statute, General Statutes, § 6191, which subjects to a criminal penalty any pedestrian who uses a highway negligently or recklessly; as far as the provisions of the statute concerning negligence are concerned, at least as applied to a civil case, it establishes no other standard of conduct than does the common law, as to which the trial court charged the jury; and what we have already said disposes of any claim of error as regards its application to reckless misconduct of a pedestrian." *Barbieri* v. *Pandiscio*, 116 Conn. 48, 53, 163 Atl. 469. The record is barren of any suggestion that the plaintiff claimed to recover upon the ground of reckless misconduct on the part of the defendant and there was no occasion to charge the jury as to any such misconduct on her part. *Barbieri* v. *Pandiscio,* supra. No claim is made that the trial court in the present case did not adequately instruct the jury as to the common-law standard of conduct required of the plaintiff. Especially in the absence of

a request to charge, the court was not obligated to cover this statute in its instructions to the jury.

The final claim is that the court should have charged in accordance with the provisions of § 395(b), which reads as follows: "At any intersection where traffic is controlled by traffic control signals or by police officers, pedestrians shall not cross the highway against a red or "Stop" signal, and shall not cross at any place not a marked or unmarked crosswalk. A pedestrian started or starting across any such crosswalk on a green or "Go" signal shall have the right of way over all vehicles, including those making turns, until such pedestrian shall have reached the opposite curb or safety zone." The defendant claims the plaintiff was moving across a line of traffic against a red light in violation of a specific statutory provision which made her conduct negligence per se. The statute has no application to the situation disclosed by the claims of proof. It is manifestly designed to afford a rule of conduct for pedestrians crossing or about to cross the highway from one curb to the other. It provides that at such an intersection pedestrians shall not "cross the highway" against a red light; that they shall not cross at any place not a crosswalk; that a pedestrian started or starting across any such crosswalk on a green light shall have the right of way over vehicles until he shall have reached the opposite curb or safety zone. There was no safety zone here. To cross a highway means to go from one side to the other. This plaintiff was already in the middle of the road when the light changed. She did not enter the intersection against the red light. To such a situation the statute does not apply.

The court's failure to charge concerning the statutes in question was not harmful to the defendant. If

anyone had a right to this instruction, it was the plaintiff.

There is no error.

In this opinion the other judges concurred.