DAVID A. SCHUPP, ADMINISTRATOR (ESTATE OF
DAVID A. SCHUPP, JR.) *v.* STEVEN F. GRILL
(10216)

LAVERY, LANDAU and HEIMAN, Js.

Argued February 13—decision released May 12, 1992

*Robert M. Shields, Jr.,* with whom was *William R. Moller,* for the appellant (plaintiff).

*Constance L. Epstein,* with whom, on the brief, were *Richard J. Kenny* and *Jack G. Steigelfest,* for the appellee (defendant).

LAVERY, J. The plaintiff, David A. Schupp, administrator of the estate of David A. Schupp, Jr., appeals from a judgment rendered in favor of the defendant. On appeal, he claims that the trial court improperly instructed the jury on the evaluation of expert testimony and on the responsibilities of a pedestrian on a roadway. We affirm the trial court's judgment.

The jury could reasonably have found the following facts. On February 25, 1988, the plaintiff's decedent was jogging on Floydville Road, a two lane highway that runs east and west in East Granby. Each travel lane is fourteen feet wide, with an additional two foot shoulder area adjacent to the westbound lane. The only highway marking is a double yellow line dividing the eastbound and westbound lanes.

The defendant testified that at the time of the accident he was traveling westbound at approximately forty to forty-five miles per hour when he rounded a curve and saw the decedent jogging on the center double line, about two car lengths in front of him. There was no posted speed for westbound traffic on that portion of the road, but the state police determined the area speed limit to be approximately 30 to 35 miles per hour. The decedent was wearing a jogging vest with reflective stripes on the front and back. The defendant braked and swerved his car to the left into the eastbound lane, but nevertheless struck the decedent with the right front of his automobile. The decedent died instantly. The accident occurred at approximately 6:42 p.m. At that time it was dark and there were no streetlights or other sources of light illuminating Floydville Road. Subsequent investigation disclosed skid marks in the eastbound lane that were produced by the defendant's automobile when he attempted to avoid the decedent, but investigators were unable to determine the exact point of impact. The plaintiff's complaint alleged that the defendant's negligence caused the decedent's injuries and subsequent death. The defendant asserted as a special defense that the decedent's own negligence caused his injuries.

At trial, the only eyewitness testimony regarding the accident was that of the defendant. He testified that he did not turn to the right to avoid the decedent because there was no place to go other than the woods

or a bank on the side of the road. The plaintiff called the investigating officers as witnesses to provide a factual foundation, and then called two expert witnesses. The first expert estimated the speed of the defendant's automobile at the time of the accident ranged from fifty-six to sixty-seven miles per hour. The second expert estimated the speed as ranging from sixty-seven to seventy-two miles per hour, and determined that the defendant's automobile was completely in the eastbound lane when the impact occurred. The plaintiff did not submit interrogatories to the jury in order to determine its findings on either the plaintiff's claim or on the defendant's special defense, and the jury rendered a general verdict for the defendant. The plaintiff subsequently appealed to this court. The defendant argues that the general verdict rule requires affirmance of the trial court's judgment. We agree.

" 'The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarche,* 188 Conn. 201, 204, 449 A.2d 142 (1982); *Collucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 706, 462 A.2d 376 (1983); or distinct defenses. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964). A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts.' *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202–203, 520 A.2d 208 (1987);

see also *Hall* v. *Burns,* 213 Conn. 446, 484–85 n.9, 569 A.2d 10 (1990)." *Spitzer* v. *Haims & Co.,* 217 Conn. 532, 551–52, 587 A.2d 105 (1991).

The plaintiff argues that the general verdict rule is inapplicable because the trial court improperly charged the jury regarding the evaluation of expert testimony and the duties of a pedestrian in a roadway. "It is well established that a charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Dyson,* 217 Conn. 498, 501–502, 586 A.2d 610 (1991).

The plaintiff first claims that the trial court's instruction to the jury as to the evaluation of expert testimony was one-sided. At the conclusion of that portion of the charge dealing with expert testimony, the court instructed: "It is for you, the jury, to accept or reject, in part or in whole, the testimony of any witness. . . . Then you, alone, as the jury, must evaluate the evidence and facts presented to you, consider the relation of the opinions that have been provided by expert witnesses in reference to these facts, and then weigh the value of each witness's testimony accordingly." The jury was thus properly instructed that it was free either to accept or to reject the experts' testimony. A review of the court's instructions on expert testimony reveals that they were proper and correct.

The plaintiff's remaining claim is that the court's charge concerning the responsibilities of a pedestrian crossing a highway and leaving a safety zone was erroneous and without evidentiary basis. The plaintiff incorrectly claims that the court charged on violations of General Statutes §§ 14-300b[1] and 14-300c.[2] The plaintiff argues that such a charge was improper because the defendant's special defense asserting contributory negligence did not allege that the decedent had either crossed the street or improperly left a safety zone adjacent to the highway prior to the accident. We conclude that although the court used some of the words and phrases from the statutes, it correctly presented the common law regarding the duty of a pedestrian on a highway.[3]

---

[1] General Statutes § 14-300b provides in relevant part: "PEDESTRIAN USE OF CROSSWALKS AND ROADWAYS. (a) Each pedestrian crossing a roadway at any point other than within a crosswalk marked as provided in subsection (a) of section 14-300 or any unmarked crosswalk or at a location controlled by police officers shall yield the right of way to each vehicle upon the roadway. Each pedestrian crossing a roadway at a point where a pedestrian tunnel or overhead pedestrian crossing has been provided shall yield the right-of-way to each vehicle upon such roadway."

[2] General Statutes § 14-300c provides in relevant part: "(a) . . . Where a sidewalk is not provided adjacent to a roadway each pedestrian walking along and upon such roadway shall walk only on the shoulder thereof and as far as practicable from the edge of such roadway. Where neither a sidewalk nor a shoulder adjacent to a roadway is provided each pedestrian walking along and upon such roadway shall walk as near as practicable to an outside edge of such roadway and if such roadway carries motor vehicle traffic traveling in opposite directions each pedestrian walking along and upon such roadway shall walk only upon the left side of such roadway.

"(b) No pedestrian shall suddenly leave a curb, sidewalk, crosswalk or any other place of safety adjacent to or upon a roadway and walk or run into the path of a vehicle which is so close to such pedestrian as to constitute an immediate hazard to such pedestrian. . . ."

[3] The plaintiff challenges the following portion of the trial court's charge on the duties of a pedestrian on a roadway. "The defendant, Steven A. Grill, has also alleged that the plaintiff's decedent, David Schupp, Jr., placed himself directly in the path of the Grill vehicle although he knew or should have known that the Grill vehicle was approaching, and that he failed to remove himself from the path of the defendant's vehicle. A pedestrian has

It has long been recognized that it is the duty of a pedestrian to exercise reasonable care, not only to avoid known dangers, but to discover those to which his conduct might expose him, and to be watchful of his surroundings. *Krupien* v. *Doolittle,* 117 Conn. 534, 538, 169 A. 268 (1933). Drivers, however, are not held to as high a degree of care to anticipate the presence of

a right to be upon any portion of the highway provided he has due respect for the rights of others. In this case you should consider Mr. Schupp, Jr., to be a pedestrian for the purposes of Connecticut law. Pedestrians have a right to cross between streets in the absence of local ordinances. However, if they undertake to cross the street at any other place than that which is usually provided for crossing, it is the rule that in so doing they are bound to use care commensurate with the increased danger incident to being in a place where pedestrians do not usually go.

"The duty of a person crossing a highway is the duty to use reasonable care to guard himself from injury, that is to say, the care which an ordinarily prudent person would use under the circumstances. He must use such care to watch out for oncoming traffic likely to endanger him. If he sees a car approaching, he must not attempt to cross in front of it unless an ordinarily prudent person would conclude, assuming as he had a right to do, that the driver would use reasonable care in the operation of the car, and that he could cross in safety. If he is already in the street when the car approaches, he must use reasonable care to avoid injury by stopping, stepping back or hurrying forward out of its course or in some other way. It is for you to determine whether or not the conduct of Mr. Schupp was that of an ordinarily prudent person situated as he was situated.

"The defendant, Steven F. Grill, has also alleged that the plaintiff's decedent failed to grant the right-of-way to his vehicle. Our law provides that each pedestrian crossing a roadway at a point other than within a crosswalk shall yield the right-of-way to each vehicle upon the roadway. Our law further provides that where a sidewalk is not provided adjacent to a roadway, each pedestrian shall walk on the shoulder thereof and as far as practicable from the edge of such roadway. If there is no shoulder to the roadway the law further provides that the pedestrian shall walk as nearly as practicable to an outside edge of the roadway. Our law further specifically provides that no person shall leave any other place of safety adjacent to a roadway and run or walk into the path of a vehicle which is so close to the pedestrian as to constitute an immediate hazard to that pedestrian.

"The defendant, Mr. Grill, has further alleged that the plaintiff's decedent recklessly used the highway as a pedestrian. Our law provides that one using the highway as a pedestrian may not recklessly disregard his safety and must use due care which an ordinarily prudent person would use under the circumstances."

pedestrians in the roadway outside of crosswalks. *Caschetto* v. *Silliman & Godfrey Co.,* 126 Conn. 22, 25, 9 A.2d 286 (1939). Indeed, "[w]hile a pedestrian may ordinarily cross a street at any place, it is the law that 'in doing . . . so he is bound to exercise care commensurate to the increased danger incident to being in a place where pedestrians do not usually go, and, consequently, where drivers need not take the same precaution in anticipation of their presence that they are required to take at regular crossings.' . . ." (Citations omitted.) *Hizam* v. *Blackman,* 103 Conn. 547, 552–53, 131 A. 415 (1925).

Because drivers of automobiles are less likely to anticipate the presence of pedestrians away from crosswalks, "both driver and pedestrian must exercise care commensurate with the danger involved . . . ." *Miller* v. *Stamford Transit Co.,* 130 Conn. 63, 66–67, 32 A.2d 53 (1943); *Degnan* v. *Olson,* 136 Conn. 171, 175, 69 A.2d 642 (1949).

The mandates of §§ 14-300b (a) and 14-300c (b) derive from, and are identical to, the long-standing requirements of the common law. In *Atkins* v. *Varrone,* 127 Conn. 156, 14 A.2d 731 (1940), our Supreme Court considered General Statutes (Rev. to 1930) § 6191,[4] the predecessor to the current § 14-300c (b), and held it to require nothing more than the common law requires. "Section 6191 makes it an offense punishable by fine for a pedestrian to use a highway negligently or recklessly, or to recklessly disregard his own safety or the safety of any person by the manner of his use of a high-

---

[4] General Statutes (Rev. to 1930) § 6191 provides: "USE OF HIGHWAYS BY PEDESTRIANS. Any pedestrian who shall use any street or highway negligently or recklessly or shall wilfully fail to obey the signal of any traffic officer or shall recklessly disregard his own safety or the safety of any person by the manner of his use of any street or highway, shall be fined not less than two nor more than twenty-five dollars."

way. We have held that this statute establishes no other standards as regards negligence than those of the common law." Id., 159.

The plaintiff's evidentiary claim is equally without merit. Taking the evidence in the light most favorable to the defendant; *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 553, 562 A.2d 1100 (1989); the decedent was running on the double yellow line in the middle of an unlighted road toward the defendant's westbound automobile. It was 6:42 p.m. and dark. There are no special rules for joggers. They have the same rights, duties and obligations under the law as any other pedestrians. There was more than sufficient evidence to sustain the defendant's special defense that the plaintiff was contributorily negligent.

The general verdict rule requires that the jury found every issue in the favor of the prevailing party. *Spitzer* v. *Haims & Co.,* supra, 552; *Goral* v. *Kenney,* 26 Conn. App. 231, 238, 600 A.2d 1031 (1991). We therefore presume that (1) the plaintiff did not prove that the defendant was negligent, (2) the plaintiff did not prove that the defendant's acts were the proximate cause of the decedent's injuries, and (3) the decedent's injuries were caused by his own negligence.

The judgment is affirmed.

In this opinion the other judges concurred.