JOAN SANDOW ET AL. *v.* MARY ANN
ECKSTEIN ET AL.
(AC 21153)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released December 11, 2001

*Brenden P. Leydon* filed a brief for the appellants (plaintiffs).

*Constance L. Epstein* filed a brief for the appellees (defendants).

*Opinion*

MIHALAKOS, J. The plaintiffs, Joan Sandow and William Sandow,[1] appeal from the judgment rendered in favor of the defendants, Mary Ann Eckstein and Production Typographers, Inc., following a jury trial. On appeal, the plaintiffs claim that the trial court improperly charged the jury. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 7:30 p.m. on Friday, February 3, 1995, the named plaintiff was traveling northbound on Woodbine Road in Stamford. Woodbine Road is a narrow, winding, unlit road without sidewalks or shoulders. The named plaintiff stopped her vehicle on the east side of Woodbine Road, exited the vehicle and crossed to the other side of the road to place some flyers in a mailbox. At the time, she was wearing dark colored clothing, a black raincoat and a navy blue pantsuit. After placing the flyers in the mailbox, she turned and saw headlights close to her. She was struck in the abdomen by a passing motor vehicle and fell to the ground.

At the time, the defendant Mary Ann Eckstein was operating a motor vehicle owned by the defendant Production Typographers, Inc., in a southbound direction on Woodbine Road. Eckstein was looking at the roadway and using the high beams to illuminate the way. She did not see the named plaintiff, and her vision may have been affected by the headlights of the named plaintiff's vehicle. Eckstein had lowered the speed of her vehicle because she was not sure what to expect

---

[1] William Sandow, the named plaintiff's husband, alleged a loss of consortium claim, a derivative action.

with regard to the vehicle parked on the roadway, e.g., whether someone would exit from the vehicle, step out from behind it or be changing a tire. Eckstein felt her vehicle strike something and stopped immediately. She exited her vehicle and found the named plaintiff in the roadway. There was no evidence as to what portion of the vehicle struck the named plaintiff.

The plaintiffs commenced the present action, claiming that the named plaintiff suffered personal injuries, damages resulting from medical expenses and loss of income, permanent injuries and loss of future income proximately caused by Eckstein's negligence.[2] In their answer, the defendants admitted that the vehicle came in contact with the named plaintiff but denied that Eckstein was careless or negligent in the operation of the vehicle. The defendants also alleged, as a special defense, that the named plaintiff's own negligence was the proximate cause of her alleged injuries.

The case was tried in August, 2000, and the parties focused on who was at fault for the accident. The plaintiffs submitted a request to charge, seeking to have the court instruct the jury that the operator of a motor vehicle is charged with notice of a pedestrian's right to use the highway and, therefore, operators have a duty to anticipate the possible presence of pedestrians on the highway. The court did not instruct the jury in the language requested by the plaintiffs.[3] The plaintiffs took

---

[2] The plaintiffs alleged claims sounding in negligence and recklessness. The court directed a verdict in favor of the defendants on the count of recklessness. Consequently, only the negligence claim is at issue here.

[3] In its charge, the court instructed the jury in relevant part: "The following is the duty owed the plaintiff by the defendant. The measure of duty owed the plaintiff by the defendant was the exercise of reasonable care to operate her motor vehicle so as to avoid striking the plaintiff. I read to you earlier the ways in which the plaintiff has alleged that the defendant violated this duty. If you find that the defendant breached this duty of reasonable care, then the plaintiff may be entitled to recover from the defendant. If you find that the defendant did not breach this duty of care, then the plaintiff will not recover.

"Specifically, the plaintiff has alleged that the defendant failed to maintain

an exception to the charge. The parties did not submit interrogatories to the jury, which rendered a general

a reasonable and proper lookout. Under this duty, it is negligent not to see what is plainly visible when there is nothing to obscure the vision of the driver. The driver is required to look and exercise her sense of sight in such a careful and intelligent manner that will enable her to see things such as a person in the exercise of ordinary care and caution will see under the circumstances.

"Now, it's claimed here that the defendant failed to keep a proper lookout and control. It is, of course, incumbent upon every driver of a motor vehicle upon the highway to use her senses as to what is transpiring about her, what traffic she is likely to encounter, to keep her car under that degree of control which under the circumstances would make it reasonably possible for her to accommodate herself to conditions which reasonably might be anticipated to arise on a highway under the same conditions. She is not bound to anticipate such wholly unexpected occurrences as a reasonably prudent person would not anticipate under the same circumstances, but she is bound to anticipate those occurrences which a reasonably prudent person would have anticipated. The degree of lookout and control which Mary Ann Eckstein was required to exercise is to be judged by the traffic on that night, the weather conditions and all the surrounding circumstances which you have heard from the testimony and other evidence in this case.

"The plaintiff further alleges that the defendant operated her vehicle at an unreasonable rate of speed under the existing circumstances. It is the law of our state that the operator of an automobile on a highway must operate her vehicle at a reasonable rate of speed having regard to the width, traffic and the use of the highway, the intersection of streets and the weather conditions.

"The plaintiff further alleges that the defendant failed to apply her brakes properly. The operator of a motor vehicle has the obligation to reduce the speed of a vehicle or bring it to a stop to avoid a collision when it is reasonable to do so.

"Section 14-300d of the Connecticut General Statutes provides that an operator of a vehicle should exercise due care to avoid colliding with a pedestrian and should give reasonable warning by sounding a horn or other noise [emitting] devise to avoid collision. You may consider all these factors in determining whether the defendant was negligent in the operation of her automobile on the night in question.

"The plaintiff further alleges that the defendant's conduct violated § 14-218a of the Connecticut General Statutes. Section 14-218a, traveling unreasonably fast, provides that no person shall operate a motor vehicle upon a highway at a rate of speed greater than is reasonable having regard to the width, traffic, use of the highway and weather conditions. If you find that the defendant violated this statute, you should find that the violation constituted negligence per se, that is, that the defendant was negligent as a matter of law.

"Reasonable care. Reasonable care is defined as the care that would be

verdict in favor of the defendants. After the court rendered judgment on the verdict, the plaintiffs appealed.

We address first the standard of review applicable to claims of an improper jury instruction. "Our standard of review on this claim is whether it is reasonably probable that the jury was misled. . . . The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Therefore, jury instructions need not be exhaustive, perfect, or technically accurate. Nonetheless, the trial court must correctly adapt the law to the case in question and must provide the jury with sufficient guidance in reaching a correct verdict." (Internal quotation marks omitted.) *Marshall* v. *O'Keefe*, 55 Conn. App. 801, 804–805, 740 A.2d 909 (1999), cert. denied, 252 Conn. 918, 744 A.2d 438 (2000).

In their brief, the defendants argue that the general verdict rule requires us to affirm the trial court's judgment, citing *Schupp* v. *Grill*, 27 Conn. App. 513, 607

used by a person of ordinary prudence in the same situation as the defendant. The test is external, not subjective. Therefore, you do not look at how the defendant, in fact, behaved, but rather how an ordinarily prudent operator of a motor vehicle under the circumstances which such defendant found herself would behave.

\* \* \*

"Now, the plaintiff also had a duty of care. She had a duty to exercise reasonable care for her own safety, that is, the care that a reasonably prudent person would exercise under similar circumstances. A pedestrian has an equal right to be on the roadway; however, a pedestrian shall not suddenly leave a curb, sidewalk or any other place of safety adjacent to or upon a roadway and walk or run into the path of [a] vehicle so close to such pedestrian as to constitute an immediate hazard to such pedestrian, and a pedestrian is required to yield the right-of-way to vehicles on the roadway. In this case, the precise whereabouts of the plaintiff at the moment of collision is disputed, that is, whether she was on the side of the road, on the curb or on the road. It is for you [to] determine from the facts as you find them whether the plaintiff, Joan Sandow, breached any of the duties she had as I set forth for you."

A.2d 1155 (1992). "The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarche*, 188 Conn. 201, 204, 449 A.2d 142 (1982); *Collucci* v. *Pinette*, 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation*, 190 Conn. 700, 706, 462 A.2d 376 (1983); or distinct defenses. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.*, 151 Conn. 463, 466, 199 A.2d 698 (1964)." (Internal quotation marks omitted.) *Schupp* v. *Grill*, supra, 515.

In opposition to the defendants' argument concerning the general verdict rule, the plaintiffs cite *Monterose* v. *Cross*, 60 Conn. App. 655, 661, 760 A.2d 1013 (2000), for the proposition that where the court's instruction is improper, there is no untainted route that the jury can take to reach its verdict and the general verdict rule does not apply. We agree with the defendants because *Monterose* is factually distinguishable. In *Monterose*, the court failed to instruct the jury on the standard of care required either of the defendant on a negligence theory or of the plaintiff on a theory of contributory negligence. The defect in that instruction therefore tainted both routes to the verdict. Here, the plaintiffs' claim on appeal alleges a defect in the instruction that relates only to the theory of negligence, leaving the contributory negligence route untainted. Therefore, the general verdict rule applies. We will presume that the jury found every issue in favor of the prevailing party; see *Schupp* v. *Grill*, supra, 27 Conn. App. 520; and affirm the judgment on the basis of the jury's finding of contributory negligence.

Furthermore, we have read the court's entire charge in the present case. On the basis of our review of the

charge, we conclude that the court properly instructed the jury as to Eckstein's duty to the named plaintiff, a pedestrian on the roadway. The charge requested by the plaintiffs has not been adopted as the law of this jurisdiction. See id., 518–19, citing *Cashetto* v. *Silliman & Godfrey Co.*, 126 Conn. 22, 25, 9 A.2d 286 (1939).

The judgment is affirmed.

In this opinion the other judges concurred.