JENNIE OLYNCIW *v.* STOP & SHOP COMPANIES, INC.
(AC 21070)

Lavery, C. J., and Landau and Freedman, Js.

---

Argued December 12, 2001—officially released January 29, 2002

*Thomas J. Londregan,* with whom, on the brief, were *Ralph J. Monaco* and *Brian K. Estep,* for the appellant (plaintiff).

*Peter T. Fay,* with whom, on the brief, was *Kerry E. Knobelsdorff,* for the appellee (defendant).

*Opinion*

LANDAU, J. The issues in this personal injury appeal are governed by the general verdict rule. The plaintiff, Jennie Olynciw, alleged that the defendant, Stop & Shop Companies, Inc., negligently maintained the premises where it operated a supermarket and, as a result of the defendant's negligence, she fell and sustained injuries. The defendant denied that it was negligent and filed a special defense alleging that if the plaintiff sustained any injuries, those injuries were proximately caused by her own carelessness and negligence. The parties did not submit interrogatories to the jury, which returned a defendant's verdict without apportioning fault, if any,

between the parties. "Where there is a general verdict and no breakdown of the components of the verdict, it would be error to set it aside." *Marchetti* v. *Ramirez*, 40 Conn. App. 740, 746, 673 A.2d 567 (1996), aff'd, 240 Conn. 49, 688 A.2d 1325 (1997).

The jury reasonably could have found the following facts. On June 1, 1998, the plaintiff, who was then seventy-eight years old, entered a supermarket known as Stop & Shop in the town of Waterford. She walked to an area inside the entrance where the shopping carts were stored. She took hold of the handle of one of the carts and pulled to free the cart from the line. The plaintiff then fell to the floor, bringing the shopping cart down on her. She commenced this action against the defendant in June, 1999, alleging that the defendant had negligently maintained the premises because there was water on the floor that caused her to fall. The plaintiff also claimed that as a result of the fall, she sustained injuries to her shoulders, buttocks and pelvis. The defendant presented evidence that the plaintiff had fallen on several prior occasions, and that she previously had received medical treatment for shoulder pain and a hip injury. The jury returned a verdict in favor of the defendant, and the plaintiff appealed.

On appeal, the plaintiff raises two claims related to the court's evidentiary rulings and one claim related to pretrial discovery.[1] In its brief, the defendant argues that the general verdict rule applies and that the judgment should be affirmed. We agree.

"The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will

[1] Specifically, the plaintiff claims on appeal that the court improperly failed (1) to admit into evidence (a) a statement written by the plaintiff containing a statement of one of the defendant's employees and (b) evidence of subsequent repairs, and (2) improperly limited pretrial discovery.

presume that the jury found every issue in favor of the prevailing party. . . . The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action . . . or distinct defenses." (Citations omitted; internal quotation marks omitted.) *Sandow* v. *Eckstein*, 67 Conn. App. 243, 248, 786 A.2d 1223 (2001), cert. denied, 259 Conn. 919, 791 A.2d 566 (2002). "The rendering of a general verdict coupled with the absence of interrogatories, [makes] it impossible for the trial court or this court to determine what factors the jury considered in making its award. . . . We cannot speculate as to how the jury reached its figure." (Citation omitted; internal quotation marks omitted.) *Barrows* v. *J.C. Penney Co.*, 58 Conn. App. 225, 229, 753 A.2d 404, cert. denied, 254 Conn. 925, 761 A.2d 751 (2000). Because we cannot determine the basis of the jury's verdict, we will not review the plaintiff's claims on appeal.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant also argues in its brief that the plaintiff abandoned her claims on appeal by improperly briefing them. We need not address that argument to resolve the appeal.